IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MSM DESIGN AND ENGINEERING LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" <br><br> Defendants, | No. 20-cv-00121 <br><br> Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

Plaintiff MSM Design and Engineering, LLC ("MSM") filed this so-called "Schedule A" trademark infringement case against various overseas online merchants, including Defendant Best Picks. (Dkt. 2.) Plaintiff assembled its list of overseas Defendants by identifying "fake online storefronts" on internet marketplaces like Amazon, eBay, Wish, Alibab, and Ali Express that are designed to appear to be selling genuine products made by Plaintiff. (Dkt. 1 at 3.) Defendant, a Wish online marketplace operator, now moves to dismiss the Complaint against it for two reasons: (1) the Court lacks personal jurisdiction over Defendant; and (2) service of process by email was improper. (Dkt. 94.) As explained below, because the Court lacks personal jurisdiction over Best Picks, Defendant's motion is granted.

**I.  BACKGROUND**

As alleged in the Complaint, Plaintiff MSM Design and Engineering LLC manufactures, distributes, and sells handheld spinning devices such as the Torqbar.

(Dkt. 1 ¶ 7.) According to Plaintiff, the Torqbar is "a spinning handheld toy you flick with your fingers." (*Id.*) Defendant is an online retailer and user of the Wish sales platform. (Dkt. 101 at 3.) On January 7, 2020, MSM brought this trademark infringement action against a large group of online retailers, including Defendant, and alleged that they advertised to sell and sold counterfeit Torqbar products bearing Plaintiff's trademarks. (Dkt. 1 ¶ 5-6.) Specifically, Plaintiff alleges that Defendant is using fake online storefronts designed to appear to be selling genuine Torqbar products, while in fact Defendant sells inferior and unauthorized imitations of Plaintiff's products. (*Id.* ¶ 5.)

Along with the Complaint, Plaintiff filed Schedule A, a sealed exhibit listing all Defendants, including Best Picks, by seller alias and online marketplace domain name. (Dkt. 2.) Through its own investigation, Plaintiff identified Best Picks as a defendant. (Dkt. 101 at 3.) Plaintiff's investigator searched Defendant's online marketplace, located a product listing entitled "Torqbar," and added the item to the investigator's cart with an Illinois address as the "ship-to" address. (*Id.*) According to Plaintiff, no error message or prohibition on shipment to Illinois popped up when Plaintiff's investigator entered the Illinois address into the ship-to field on Defendant's marketplace. (Dkt. 101-2.) Plaintiff's investigator did not, however, actually purchase the item, meaning that no product offered for sale by Defendant was shipped to this forum. (Dkt. 101 at 3.)

On January 9, 2020, Plaintiff, proceeding *ex parte*, sought a TRO against all defendants and requested leave under Rule 4(f)(3) of the Federal Rules of Civil

Procedure to serve Defendant (and the other Defendants as well) by email. (Dkt. 13.) The Court granted both requests. (Dkt. 17.) On February 6, 2020, Plaintiff moved for a preliminary injunction (Dkt. 38), which the Court entered on February 25, 2020. (Dkt. 50.) Defendant Best Picks did not respond either to the Complaint or to the motion for preliminary injunction. Several months later, on June 2, 2020, Plaintiff moved for default judgment against many of the Defendants, including Defendant Best Picks. (Dkt. 88.) About a month later, but before the Court granted default judgment, Defendant Best Picks moved to dismiss the Complaint against it for lack of jurisdiction and improper service. (Dkt. 94.) That motion is now before the Court for resolution. (Dkt. 94; Dkt. 101; Dkt. 103.)

## II.    LEGAL STANDARD

Unless otherwise waived, on a motion, a federal court must dismiss any action against a party over whom the court lacks personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2); *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016). Plaintiffs bear the burden to make a *prima facie* case for personal jurisdiction. *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 423 (7th Cir. 2010). When determining whether a plaintiff has met its burden, a court must accept as true jurisdictional allegations pleaded in the complaint, unless those allegations are disproved by the defendant's affidavits or exhibits. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, defendants may challenge the manner of service of process through a motion to dismiss. *See* Fed. R.

3

Civ. P. 12(b)(5). A plaintiff bears the "burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). If, on its own or on the defendant's motion, a court "finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Id.*

## III. DISCUSSION

### A. Personal Jurisdiction

Defendant provides at least two reasons that the Court lacks personal jurisdiction over Defendant. First, Defendant contends that because it has never made a sale to Illinois, Defendant does not have the requisite minimum contacts with Illinois to justify specific personal jurisdiction. (Dkt. 94 at 6.) Second, Defendant argues it has no "business presence in Illinois" and does not "target advertising or marketing to Illinois residents." (*Id.*) At most, Defendant argues, its only connection to Illinois is that its online store is accessible from Illinois. (*Id.*)

As the Seventh Circuit has explained, any analysis of specific personal jurisdiction must consider three separate requirements. *See Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008). First, the defendant must have "minimum contacts with the forum state." *Id.* To determine whether the defendant has such contacts, the court must ask whether "the defendant should reasonably anticipate being haled into court in the forum State, because the defendant has purposefully availed itself of the privilege of conducting activities there." *Id.* Second, the plaintiff's claims must "arise

4

out of" the defendant's contacts with the forum. *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). Third, and finally, maintenance of the suit must not "offend traditional notions of fair play and substantial justice." *Kinslow*, 538 F.3d at 691.

Plaintiff has failed to meet its burden to show that Defendant has the required minimum contacts with Illinois. It is, by now, settled that specific personal jurisdiction over an online retailer is not established merely because the retailer's website is available in the forum. *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 758 (7th Cir. 2010). On the contrary, two conditions must be present: online retailers must both "st[and] ready and willing to do business with" residents of a given forum and *then* "knowingly [ ] do business with" those residents to form minimum contacts with that forum. *Id.*; *see also Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392-93 (7th Cir. 2020) (minimum contacts formed even though defendant "s[old] its products only online through its website and third-party websites"; defendant (1) included the forum in the "ship-to" options from which the customer had to choose; (2) sent a customer an email confirming a shipping address in the forum; and (3) shipped product to an address in the forum).

Recent decisions from this District have amplified that the mere possibility a product could be ordered online and shipped to Illinois is not, by itself, sufficient to form minimum contacts with this forum. In *Rubik's Brand, Ltd. v. The Partnership*, the court explained that it did not have personal jurisdiction over a defendant where the defendant's only connection to the forum was operating an online marketplace

5

that had "the possibility" of shipping to Illinois. No. 20-cv-05338, 2021 WL 825668, at *4 (N.D. Ill. Mar. 4, 2021). In *Rubik's Brand*, the defendant never shipped any infringing product to the forum. *Id.* Because it was not enough that some "Illinoisan might someday find [the defendant's] website and decide to purchase a counterfeit [] product," personal jurisdiction did not exist. *Id.*

This case mirrors *Rubik's Brand*. Defendant had one contact with this forum when the suit was filed: Defendant's online marketplace was available to view to customers who live in this state. But, as Defendant points out, this is no different than in any other forum where a resident has internet access. (Dkt. 94 at 6.) None of Plaintiff's allegations suggests that Defendant has shipped any products to this forum. (*Id.*) Nor is there any suggestion that Defendant has a preexisting business relationship with this forum. (*Id.*) Plaintiff has also failed to provide evidence that Defendant has any greater relationship to this forum than any other forum throughout the world. In view of these deficiencies, there is insufficient evidence to find that Defendant "knowingly" did business with residents of this state.

Plaintiff's opposition to Defendant's motion to dismiss merely restates the basis it originally provided in support of personal jurisdiction: Defendant operated a commercial, fully interactive WISH store, affirmatively selected and targeted consumers in the United States and Illinois, and then knowingly engaged in business with Illinois residents by offering to sell unauthorized products bearing the Torqbar mark. (Dkt. 101 at 3.) Plaintiff also argues that WISH provided Defendant with the option to disable sales to the US, but Defendant elected not to take that step. (*Id.*)

6

This allowed Defendant the "opportunity to sell to the lucrative U.S. marketplace." (*Id.*) To support this argument, Plaintiff relies on both *Curry* and *Hemi Grp.,* but those decisions are distinguishable because Defendant here never shipped any product to this forum. *Curry*, 949 F.3d at 392-93; *Hemi Grp.,* 622 F.3d at 758.

Because Defendant did not purposefully avail itself of the privileges of conducting business in this District, the Court finds that it lacks specific personal jurisdiction over Defendant.

### B. Service of Process

Separately, Defendant Best Picks also challenges the validity of service of process. Because the Court has determined that it lacks jurisdiction over Defendant, the Court does not address whether service on Defendant was proper.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. 94) is granted.

SO ORDERED in No. 20-cv-00121.

Date: July 28, 2021

_____
JOHN F. KNESS
United States District Judge