IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MSM DESIGN AND ENGINEERING LLC, | |
| Plaintiff, | No. 20-cv-00121 |
| v. | Judge John F. Kness |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", | |
| Defendants. | |

# ORDER

Before the Court is the joint motion (Dkt. 128) of Plaintiff and Defendant Best Picks (Defendant No. 18) to vacate the Court's Memorandum Opinion and Order (Dkt. 122) dismissing Defendant without prejudice for lack of personal jurisdiction. By way of brief background, after the Court granted Defendant's motion to dismiss, the Court entered a final judgment (Dkt. 124) and terminated the case on July 28, 2021. The Court dismissed Defendant, entered a default judgment in Plaintiff's favor against all remaining Defendants, and terminated the case. (*Id.*) Plainly put, that ended the case.

One day later, Plaintiff and Defendant Best Picks filed the present motion to vacate the Court's opinion (Dkt. 122)—but not the final judgment order as to Defendant. Rather, the parties ask that the Court enter the joint stipulation of dismissal that the parties filed (Dkt. 127) on the same day they filed their motion to vacate. In short, it appears the parties had reached a binding settlement but were beaten to the dismissal punch by the Court's entry of its opinion and final judgment (without prejudice) as to Defendant.

With regard to the parties' stipulation of dismissal, its effect is not clear given the earlier entry of final judgment (Dkt. 124). Whether the stipulation is effective post-judgment is a question that the parties do not address in their joint motion to vacate. Either way, the question may be irrelevant, as the parties do not ask the Court to vacate the final judgment as to Defendant Best Picks. All they ask is that the Court (1) "enter the Joint Stipulation of Dismissal"; and (2) vacate its opinion granting Defendant's motion to dismiss.

As for the request to "enter" the Joint Stipulation of Dismissal, there does not appear to be anything for the Court to do. In the ordinary course, a notice of voluntary dismissal under Rule 41(a)(1)(A) "is self-executing and effective without further action from the court." *See Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011). Without a corresponding motion to vacate the final judgment order as to Best Picks, the Court need do nothing for the Joint Stipulation to be effective—assuming, of course, that it could be effective in the light of the Court's entry of final judgment. Accordingly, the request to "enter" the Joint Stipulation is dismissed as moot.

With regard to the request to vacate the Court's opinion, the Seventh Circuit, as echoed by many other courts, has explained that a "settlement is the parties' business. They may compromise just as they may reach any other (lawful) contract." *Matter of Memorial Hosp. of Iowa C'nty, Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988). But when "the parties' bargain calls for judicial action . . . [,] the benefits of settlement to the parties are not the only desiderata." *Id*. A precedent already established in this case—as the "public act of a public official"—is "not the parties' property." *Id*. When a "clash between genuine adversaries produces a precedent . . . [,] the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement." *Id*.

To be sure, it may be that the parties here do not view the Court's opinion on the motion to dismiss as a "bargaining chip" in their settlement discussions. It may instead be simply that the parties (primarily Plaintiff) are the victims of unfortunate timing and seek only to unwind the judicial clock. But as the fictional Headmaster Dumbledore taught, "Mysterious thing, Time. Powerful, and when meddled with, dangerous." J.K. Rowling, *Harry Potter and the Prisoner of Azkaban*. The reasoning of *Memorial Hospital* remains as a firm reminder that a written judicial opinion is not the parties' property, to be cast aside solely to serve the parties' subjective interests. There is no *public* interest, at least not one apparent to this Court, that would justify vacating an opinion that was entered in the ordinary course of active litigation.

For these reasons, the joint motion to vacate (Dkt. 128) is denied.

SO ORDERED in No. 20-cv-00121.

Date: September 14, 2021

_____
JOHN F. KNESS
United States District Judge